1  **DOLL AMIR & ELEY LLP**
    HUNTER R. ELEY (SBN 224321)
2  heley@dollamir.com
    CHELSEA L. DIAZ (SBN 271859)
3  cdiaz@dollamir.com
4  1888 Century Park East, Suite 1850
    Los Angeles, California 90067
5  Tel: 310.557.9100
    Fax: 310.557.9101
6
7  Attorneys for Defendant,
    CAPITAL ONE BANK (USA), N.A.,
8  erroneously sued as
    Capital One, National Association
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| CHARLES EICHER,<br><br>            Plaintiff.<br><br>     v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>            Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>*(Filed concurrently with: (1) Civil Case Cover Sheet; and (2) Notice of Interested Parties)*<br><br>Complaint Filed:   November 26, 2014 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** defendant Capital One Bank (USA), N.A. ("Capital One"), erroneously sued as "Capital One, National Association," hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

1. Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Charles Eicher ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which is a law of the United States. Further, the Court has supplemental jurisdiction over the state law causes of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2. On November 26, 2014, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Riverside, designated as Case Number RIC 1411379 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Capital One in this case is attached hereto as *Exhibit A*.

3. Plaintiff asserts two causes of action in his Complaint against Capital One. Those causes of action include: (1) violations of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*; and (2) violations of the TCPA, 47 U.S.C. § 227.

**C.   BASIS FOR REMOVAL**

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a TCPA cause of action, which is a law of the United States.

5. Specifically, Plaintiff's Complaint alleges that Capital One has violated

DOLL AMIR & ELEY LLP

the federal TCPA by using an "automatic telephone dialing system" to telephone Plaintiff without his consent. *See* Ex. A, Complaint, ¶¶ 11-14, 18. Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law. Thus, this Action is one which may be removed to this Court by Capital One pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the TCPA.

6. Additionally, this Court has supplemental jurisdiction over the remaining state law claim, because it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). The facts related to Plaintiff's state law claim are intertwined with and based upon his allegations of wrongdoing under the federal claim arising under the TCPA. Specifically, like Plaintiff's claims arising under the TCPA, the state law cause of action involves Plaintiff's allegation that Capital One made debt collection calls to Plaintiff. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claim arising under the Rosenthal Act.

**D.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7. Removal of this action is timely. Capital One first received notice of this action when it received a copy of the Summons and Complaint on December 11, 2014. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant . . . of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

8. Capital One is the only named defendant in the action and, therefore, no consent of additional parties is required.

9. Venue lies in the United States District Court for the Central District of

1 California pursuant to 28 U.S.C. §1441(a) because the Action was filed in this
2 District.

3     10.    As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy
4 of all process, pleadings and orders received by Capital One from Plaintiff in the
5 Action are attached hereto as *Exhibit A*.

6     11.    Written notice of the filing of this Notice of Removal will be promptly
7 served upon Plaintiff. Capital One will also promptly file a copy of this Notice with
8 the Clerk of the Superior Court of California, County of Riverside.

10     **WHEREFORE** Capital One prays that the above Action now pending against
11 it in the Superior Court of the State of California, County of Riverside, be removed
12 therefrom to this Court.

14 DATED: January 8, 2015     **DOLL AMIR & ELEY LLP**

16     By:   */s/ Chelsea L. Diaz*   .
17         CHELSEA L. DIAZ
        Attorneys for Defendant,
18     CAPITAL ONE BANK (USA), N.A.

DOLL AMIR & ELEY LLP

3
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 and 28 U.S.C. § 1367(a)